Mr. Justice Smith
delivered the opinion of the court.
This was an action of trespass, brought to recover damages for an alleged unlawful seizure of' certain goods and merchandise. The plaintiffs in error, who Avere the defendants in the original suit joined in their defences; but pleaded substantially the same plea; which were, first, the general issue; and, secondly, the special pleas of justification. Upon the first issue was joined and verdict found and judgment renewed in favor of Marshall Goodman, the surviving plaintiff. To the special pleas, Goodman demurred, and his demurrer was sustained by the court before whom the cause was tried.
The question of the correctness of the decision upon the demurrer is the only one presented by the record.
The defendants justified under the 7th article of the treaty concluded on the 20th of September, 1816, between the United States and the Chickasaws; and set out this article of the treaty in the *556 following words, to wit: “that no license should be'granted by the agent of the said Chickasaws, to entitle any person whatsoever, to trade or traffic merchandise in said nation; and that any person or persons whatsoever (of the white people) who should bring goods to sell and offer to sell them in the said nation, in violation of said treaty, should forfeit the whole of his or her goods, one half to the nation, and the other half to the government of the United States.” And it was further provided in said treaty, that in all cases where a violation of said provision might take place, and the goods so taken for traffic in the nation were seized, they should be delivered up to the agent aforesaid, whose duty thereon, was to hear the evidence and to judge the cause accordingly.
In this recital there is a manifest variance from the language of the treaty referred to. It provides, “ that any person whosoever, of the white people, who shall bring goods and sell them in the nation, contrary to this article (of the treaty,) shall forfeit the whole of his or her goods, &c.” See treaty with the Chickasaws, Acts of Cong. 1817, 295. The difference between this provision of the treaty and as it is'set out in the defendant’s pleas is material.
To constitute the offence 'under the treaty which would subject the party to a forfeiture of his goods, it is not only necessary to “ bring goods to sell and offer to sell them in the nation, in violation of said treaty;” but that he should “ bring goods and sell them in the nation,” &c. It was necessary that the defendants should show the authority by which they made the alleged seizure, and having failed to do so in the • matter material to the validity of their defence, their pleas are necessarily void.
' There is another objection which applies to the averment in the pleas equally fatal.
The provision of the treaty above recited is obviously of a penal character. To constitute a sufficient justification it was therefore necessary for the defendants to have shown, that the plaintiffs had committed the act, which, by the letter and spirit of the treaty) would subject them to the penalty and authorise the seizure of their goods. But this they have failed to do. It is *557 averred that the plaintiffs (being white men, citizens of the United States) did carry and bring into the confines of the said Chickasaw nation of Indians, said supposed goods and merchandise in the declaration, for the purpose of then and there trading and trafficking the same to the Indians of said nation; and then and there did offer the same for sale to the said Indians and in violation of the said treaty so made in 1816, &c.
The acts forbidd.; i by the treaty upon the commission of which the penalty would attach, were not the bringing and offering to sell goods, in the nation. The treaty provides, that any person whosoever (of the white people) who shall bring goods, and sell them in the nation, contrary, &c., shall'forfeit, &c. See 7th article of said treaty.
To consummate the offence, then, which, under the treaty, Avould authorise a seizure of the merchandise of the trader, it is essential that there should be a sale of the goods so brought into the nation. The defendant’s pleas of justification were consequently void, and the decision of the court correct.
Judgment affirmed.